IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELCH RACING, LLC; and BRENDAN WELCH, <br><br> Plaintiffs, <br><br> vs. <br><br> DOUBLE 00 SHITSHOW, and DAVID WRIGHT, <br><br> Defendants. | 4:23CV3129 <br><br> **MEMORANDUM AND ORDER** |

Plaintiffs Brendan Welch ("Welch") a non-prisoner, and Welch Racing LLC ("WR"), filed a pro se Complaint on July 14, 2023, Filing No. 1, brought pursuant to 42 U.S.C. § 1983, and a motion to proceed in forma pauperis ("IFP"), Filing No. 2. For the reasons set forth below, Plaintiff's motion to proceed IFP shall be granted.

The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2),and for the reasons set forth below, determines that it is.

**I. IFP**

Plaintiff filed a motion to proceed IFP, alleging he has $200 in his checking or savings account and has very little income due to being laid off at his place of employment. Filing No. 2 at 2–3. Upon review of Plaintiff's Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis.

## II.  INITIAL REVIEW

### A.  Summary of Complaint

Viewing the complaint herein in the light most favorable to the plaintiffs, the Court has determined that the claims raised therein are frivolous.  The complaint is construed to allege claims of conspiracy, false light, stalking and harassing, fraud, forgery, and impersonation against defendants David Wright individually ("Wright") and an entity owned by Wright named Double OO Shitshow ("Double OO"). Filing No. 1 at 2–3.  The claims arise from defendant Wright's alleged violation of "multiple state and federal laws" including Texas Penal Code stemming from "6 weeks of torment/harassment."  *Id.* at 4. As relief, Welch and WR seek $85,000 in damages for restitution and damages to Welch and WRs' reputation, injunctive relive, issuance of a cease and desist and no contact order and seeking the arrest of Wright "and others".  Filing No. 1 at 5.

### B.  Applicable Legal Standards on Initial Review

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## C. Discussion of Claims

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983. To state a § 1983 cause of action, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Because Plaintiff does not allege that either defendant is a person acting under color of state law, he fails to state a § 1983 claim and, consequently, fails to set forth grounds for the court's jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action

arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Here, Plaintiff alleges jurisdiction under 42 U.S.C. § 1983 for deprivation of his civil rights but does not allege that either defendant is a state actor or that their conduct is attributable to the state. *See* Filing No. 1 at 3 (declining to check box that defendants are either federal or state or local officials); *see also West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "); *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). Consequently, there is no discernible "federal question" alleged in the Complaint as Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

However, it appears Plaintiff has alleged that defendants are both citizens of a different state (Texas). *See* Filing No. 1 at 2. While claims against citizens of states other than a plaintiff's may potentially be brought under 28 U.S.C. § 1332, in order to invoke the Court's diversity jurisdiction, a plaintiff must allege each party's place of citizenship. When diversity jurisdiction is sought involving an entity defendant it is not enough to list an entity's address. For example, if a corporation is being sued a plaintiff must include allegations of any corporate party's state of incorporation and principal place of business, *see* 28 U.S.C. §§ 1332(a), (c)(1) or for limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction, *see GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir.2004)). Here, as plaintiffs have alleged WR is a corporation for

jurisdictional purposes but named it as an LLC in the complaint, but not alleged what type of entity defendant Double OO is at all, it is impossible for this Court to determine if diversity jurisdiction exists.

Finally, it appears that the allegations in the Complaint overlap with claims arising from the same set of facts set forth in a diversity/federal question action pending before this Court, filed by the same plaintiffs against the same defendants on the same day.  *See Welch v. Wright, et. al.*, Case No. 4:23-CV-3128, Filing No. 1.  As such, it appears the claims set forth in the instant matter are more appropriately addressed in Case No. 4:23-CV-3128, to the extent they are not repetitive or defeat jurisdiction.

IT IS THEREFORE ORDERED that:

1.  The motion to proceed IFP, Filing No. 2, is granted.  The Complaint shall be filed without payment of fees.

2.  The Complaint, Filing No. 1, is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 17th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge